IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDPOINTE HEALTHCARE INC., <br><br> Plaintiff, <br><br> vs. <br><br> APOTEX INC. and APOTEX CORP., <br><br> Defendants. | Civil Action No. 07-204 - SLR |

### NOTICE OF LODGING OF WAIVER OF SERVICE OF SUMMONS OF APOTEX CORP.

TO:  Richard L. Horwitz                         Robert B. Breisblatt
     Potter Anderson & Corroon LLP              Welsh & Katz, Ltd.
     Hercules Plaza                             120 South Riverside Plaza
     P.O. Box 951                               22nd Floor
     Wilmington, DE 19899                       Chicago, IL 60606

Please take notice that pursuant to Federal Rule of Civil Procedure 4 Plaintiff Medpointe Healthcare Inc. has lodged the attached Waiver of Service of Summons of Defendant Apotex Corp. with the Court (Ex. 1).

/s/ Frederick L. Cottrell, III

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Jameson A.L. Tweedie (#4927)
tweedie@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Plaintiff MedPointe Healthcare Inc.

Of Counsel:

John M. Desmarais
Peter J. Armenio
Anne S. Toker
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022

Dated: May 7, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 7, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered to the following:

>Richard L. Horwitz
>Potter Anderson & Corroon LLP
>Hercules Plaza, 6th Floor
>1313 N. Market Street
>Wilmington, DE 19801

I hereby certify that on May 7, 2007, I sent the foregoing document by Federal Express, next business day delivery, to the following non-registered participants:

>Robert B. Breisblatt
>Welsh & Katz, Ltd.
>120 South Riverside Plaza, 22nd Floor
>Chicago, IL 60606

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com

# EXHIBIT 1

# WAIVER OF SERVICE OF SUMMONS

(Apotex Corp.)

TO: Frederick L. Cottrell, III, Esq., Richards, Layton & Finger P.A., One Rodney Square, P O Box 551, Wilmington, DE 19899

I, on behalf of Apotex Corp., acknowledge receipt of your request that Apotex Corp. waive service of summons in the action of *MedPointe Healthcare Inc. v. Apotex Inc and Apotex Corp.*, which is case number 07-204 in the United States District Court for the District of Delaware.

I have also received a copy of the complaint in the action, two copies of the Notice Of Lawsuit And Request For Waiver Of Service Of Summons (Apotex Corp.) and this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that Apotex Corp., the entity on whose behalf I am acting, be served with judicial process in the manner provided by Rule 4.

Apotex, Corp., the entity on whose behalf I am acting, will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Apotex Corp., the party on whose behalf I am acting, if an answer or motion under Rule 12 is not served upon you within 60 days after April 27, 2007.

_30 April 2007_
(DATE)

_[signature]_
(SIGNATURE)

Printed/Typed Name: __Robert B. Breisblatt__

As the designated agent in the United Sates authorized to accept service of process for Apotex, Corp for purposes of case number 07-204 in the U S. District Court for the District of Delaware

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on plaintiff's attorney(or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

RLF1-3144549-1