**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MEDPOINTE HEALTHCARE INC.,     ) | |
|            Plaintiff,     ) | |
|     ) | |
|         vs.     ) | Civil Action No. 07-204-SLR |
|     ) | |
| APOTEX INC. and APOTEX CORP.,     ) | |
|     ) | |
|         Defendants.     ) | |

**<u>RULE 16 SCHEDULING ORDER</u>**

At Wilmington this _____ day of _____, 2007, the parties

having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a

pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1.      **Pre-Discovery Disclosures.** The parties have exchanged the information

required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.      **Discovery.**

(a)      Discovery will be needed on the following subjects: infringement, validity and

enforceability.

(b)      All fact discovery shall be commenced in time to be completed by April 28, 2008.

      (1)      Document production shall be completed on or before January 17, 2008.

      (2)      Maximum of 25 interrogatories by each party to any other party.

RLF1-3170379-1

(3)    In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof.  The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4)    Maximum of 50 requests for admission by each party to any other party.

(5)    In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6)    Maximum of 10 fact depositions by plaintiff and 10 by defendants.  Each fact deposition, other than those conducted pursuant to the Federal Rules of Civil Procedure and for which a translator may be necessary, limited to a maximum of 7 hours unless extended by agreement of parties.  In the event that a translator is necessary for a deposition conducted pursuant to the Federal Rules of Civil Procedure, the parties shall cooperate to set a reasonable time limit for such deposition, which shall not exceed 14 hours.

(c)    Expert discovery shall be commenced in time to be completed by September 8, 2008.

(1)    Expert reports on issues for which the parties have the burden of proof due June 6, 2008.  Rebuttal expert reports due July 14, 2008.

(2)    Expert depositions to be limited to a maximum of 7 hours per expert unless extended by agreement of the parties.

(3)    All *Daubert* motions shall be filed as part of the parties' pre-trial order.

RLF1-3170379-1

(d)     Willfulness has not been asserted.  If willfulness is later asserted, the Court will set a date by which the defendants must inform plaintiff as to whether it intends to rely on advice of counsel.  If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendants to their counsel and whatever other materials related to the issues in dispute that defendants had in their possession at the time the advice was sought.

(e)     Supplementations under Rule 26(e) due March 3, 2008 or within 30 days of the party learning its previous responses are incomplete or incorrect, whichever is earlier.

(f)     **Discovery Disputes.**

(1)     The court shall conduct an in-person discovery status conference on [ _____ ], the time to be allocated equally among the parties.  **No motions to compel or motions for protective order shall be filed absent approval of the court.**

(2)     The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3)     Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g)     **Fact Witnesses to be Called at Trial.**  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial.  Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case.  Such deposition shall be held within one (1)

month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours

per side in the aggregate unless extended by agreement of the parties or upon order of the court

upon good cause shown.

3.     **Joinder of other Parties and Amendment of Pleadings.**  All motions to join

other parties and amend the pleadings shall be filed on or before February 11, 2008.

4.     **Claim Construction Issue Identification.**  If the court does not find that a

limited earlier claim construction would be helpful in resolving the case, on September 8, 2008,

the parties shall exchange lists of those claim terms that they believe need construction and their

proposed claim construction of those terms.  This document will not be filed with the court.

Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim

Construction Statement to be submitted pursuant to paragraph 6 below.

5.     **Summary Judgment Motions.**  This action is currently scheduled for a bench

trial.  If a jury trial is later scheduled, the Court may set a date by which summary judgment

motions shall be served and filed.

6.     **Claim Construction.**  Lawyers must identify, during the claim construction phase

of the case, any claim language that will have a meaning to a person of ordinary skill in the art

that differs from the ordinary meaning.  Any language not so identified will be construed

according to its ordinary meaning.  The parties shall agree upon and file the Joint Claim

Construction Statement on October 6, 2008, with the claim chart separately docketed.  The

parties will file simultaneous opening claim construction briefs on November 5, 2008.

Simultaneous response briefs should be filed by December 1, 2008.  Issues of claim construction

shall be considered by the court in conjunction with trial.

4

7.      **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

(a)      **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b)      No telephone calls shall be made to chambers.

(c)      Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

8.      **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

9.      **Pretrial Conference.** A pretrial conference will be held on [January 22, 2009 at 4:30 p.m.] in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

10.      **Trial.** This matter is scheduled for a one-week bench trial commencing on [February 17, 2009] in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours, split equally between the plaintiff and defendants, in which to present their respective cases. [Defendants' proposal: If, however, MedPointe seeks monetary

damages, this Court will conduct a jury trial, the length of which will be determined, with the time split equally between the plaintiff and defendants.]  If the case is tried by the Court, post-trial briefing will be pursuant to the Court's Procedure for Briefing Following a Bench Trial.

_____
UNITED STATES DISTRICT JUDGE

6

RLF1-3170379-1